TERESA CALDERON, Appellant, v. NEW YORK CITY HOUSING AUTHOR-ITY, Respondent.— In a negligence action to recover damages for personal injuries sustained in a fall on snow, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered October 14, 1968, in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiff's case upon a jury trial on the issue of liability. Judgment reversed, on the law, and new trial granted, with costs to abide the event. In our opinion the proof adduced at trial on plaintiff's case was sufficient to present a jury question as to defendant's negligence. Defendant's employees cleared a path which was between two and a half and three and a half feet wide through the snow on an interior walk of its housing project. That path, which led directly over a concave catch basin, was cleared for the convenience of defendant's tenants. The jury could find that plaintiff slipped and fell on the catch basin, which had been concealed from view by falling snow. The catch basin was over two feet wide. The bottom of the basin was two and a half inches lower than its top. The area immediately surrounding the basin sloped down and toward it. The path had been cleared in such a manner that persons walking on it of necessity would step into the concealed basin. There was, however, an area adjacent to the basin which was nine and a half feet wide through which the path could have been cleared. Defendant, having undertaken to open a path through the snow and having invited its tenants to use it, was under an obligation to do so in a reasonable and prudent manner (see, e.g., *Calkins* v. *City of Plattsburgh,* 11 A D 2d 153). A jury could find that defendant was negligent in view of the presence of an alterna-tive area through which the path could have been cleared, the likelihood that falling snow would conceal the basin from view, and in the absence of proof that the uncovered catch basin served a valid drainage purpose. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Respondent, v. HESS OIL & CHEMICAL DIVISION, AMERADA HESS CORPORATION, Appellant. — In an action for an injunction, defendant appeals from an order of the Supreme Court, Dutchess County, dated August 6, 1971, which granted plain-tiff's motion for a preliminary injunction. Order affirmed, without costs, and case ordered on the November term calendar for trial, upon the service and filing of the appropriate note of issue and payment of the appropriate fees in connection with such filing. In the interests of justice an immediate trial should be held to determine the rights of the parties. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

CHEMICAL BANK & TRUST Co., Respondent, v. MARTIN SILVERMAN, Appellant.— In an action to recover the balance owing upon a promissory note, defendant appeals from (1) an order of the Supreme Court, Queens County, entered January 5, 1971, which granted plaintiff's motion for sum-mary judgment pursuant to CPLR 3213, and (2) a judgment of the same court entered January 8, 1971 upon said order. Order and judgment affirmed, with one bill of $10 costs and disbursements. Defendant's argument about failure of Special Term to direct an assignment to him of the collateral, given on the promissory note in suit, is premature. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.