Barbara DOUGLASS, Appellant,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Appellee.

No. 92–1601.

Supreme Court of Iowa.

Nov. 24, 1993.

Willis J. Hamilton, Hamilton Law Firm, P.C., Storm Lake, for appellant.

Ronald J. Shea, Smith, Grigg, Shea, Klinker & Queck, Primghar, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

LARSON, Justice.

Barbara Douglass was an insured person under her father's automobile policy written by the defendant, American Family Mutual Insurance Company. The policy provided benefits for damages caused by uninsured motorists but required suit to be filed within two years. The district court granted summary judgment for the insurer on the ground that the suit was beyond that time. We affirm.

The plaintiff was injured in an accident on August 19, 1984, when her car was struck by an uninsured driver. The plaintiff's efforts to collect from the uninsured driver were unsuccessful, and on May 23, 1991, she filed this suit. The sole issue before the district court and on appeal is whether the suit was timely. Specifically, the question is which limitation applies, the ten-year statute for written contracts, Iowa Code § 614.1(5) (1991), or the time limitation of the policy, which provided:

Suit Against Us. We may not be sued unless all the terms of this policy are complied with. We may not be sued under the

liability coverage until the insured's obligation to pay is finally determined at the trial or by written agreement of the insured, the claimant and us. *We may not be sued under the Uninsured Motorist coverage on any claim that is barred by the tort statute of limitations.*

(Emphasis added.)

Our tort statute of limitations is two years. Iowa Code § 614.1(2). However, a direct suit for uninsured motorist benefits is considered to be an action on a contract, not in tort. *Lemrick v. Grinnell Mut. Reins. Co.*, 263 N.W.2d 714, 716 (Iowa 1978); Alan I. Widiss, *Uninsured Motorist Coverage: Observations on Litigating over When a Claimant is "Legally Entitled to Recover,"* 68 Iowa L.Rev. 397, 418–19 (1983); Annotation, *Uninsured Motorist Insurance: Validity and Construction of "Other Insurance" Provisions*, 28 A.L.R.3d 551, 582–83 (1969).

The question is whether this insurance policy may validly reduce the limitation period from ten years to two. The plaintiff argues that it cannot, that such a provision conflicts with both the uninsured motorist statute, Iowa Code § 516A.1, and the contract statute of limitations under section 614.1(5).

Under general contract law, it is clear that the parties may agree to a modification of statutory time limitations. As one authority has stated,

it is not against the public interest that [the parties] shall ... agree upon a shorter time limit than that fixed by statute if the time agreed upon is not so short as to be unreasonable in the light of the provisions of the contract and the circumstances of its performance and enforcement. Such time limits in insurance policies have often been held valid. These agreements are not at all inconsistent with the purposes underlying the statute of limitations. Those purposes are to prevent the bringing and enforcement of stale claims, involving extra danger of fraud and mistake, unless the debtor has expressed a voluntary assent with the statutory period. An express provision fixing a shorter limit merely hastens the enforcement; and it is not made invalid by being included from the beginning in the contract to be enforced. If

held invalid, it must be on the ground that the terms are unconscionable and that unfair advantage has been taken of a claimant whose bargaining position was inferior. Arthur L. Corbin, 1A *Corbin on Contracts* § 218, at 311–12. *See also* Annotation, *Validity of Contractual Time Period, Shorter Than Statute of Limitations, for Bringing Action*, 6 A.L.R.3d 1197 (1966).

The courts have not attempted to lay down well-defined rules or standards for determining the reasonableness of contractual suit limitations in all cases, and the question of what constitutes a reasonable time usually depends upon the circumstances of the particular case. It appears to be generally recognized that the time allowed should be sufficient to allow the plaintiff to investigate and file his case within the limitation period, and that periods which are so short as to amount to a practical abrogation of the right of action, or which would require plaintiff to bring his action before his loss or damage can be ascertained, are unreasonable. In particular cases it has been held that the applicable contractual limitation period was not rendered unreasonable because it applied to only one of the parties, or because the defendant prepared the contract and submitted it on a "take it or leave it" basis, or because filing suit in another state was necessary, or because other provisions of the contract barred suit during a portion of the limitation period where the remaining time was ample.

*Id.* at 1202–03.

Our uninsured motorist statute, § 516A.1, includes no language concerning limitations for bringing suit, but the plaintiff apparently believes that a prohibition against a reduced time limit must be inferred from the statute or the public policy underlying it.

The concept of uninsured motorist coverage originated in a standard endorsement promulgated by the National Bureau of Casualty Underwriters, in 1956, in response to the emerging trend of state legislatures to provide for compulsory liability insurance. Annotation, *Insured's Right to Bring Direct Action Against Insurer for Uninsured Motorist Benefits*, 73 A.L.R.3d 632, 636–37 (1976).

■ The purpose of the uninsured motorist provision is to provide to the victim of an accident the same protection that the victim would have had if the negligent tortfeasor had had minimum insurance coverage. *See* Iowa Code § 516A.1; *Lindahl v. Howe*, 345 N.W.2d 548, 550 (Iowa 1984).

Of course, if the plaintiff had sued a tortfeasor who did have insurance, she would have to do so within two years. Iowa Code § 614.1(2). An uninsured motorist provision that allows two years to sue, therefore, grants as many rights as the plaintiff would have in the case of an insured tortfeasor.

■ In the present case, the plaintiff complains that she was not aware that the tortfeasors were judgment proof until the two years had passed. However, exhaustion of the plaintiff's remedies against the tortfeasors was not a condition precedent to an action for uninsured motorist benefits. Alan I. Widiss, *A Guide to Uninsured Motorist Coverage* § 7.16, at 269–70 (1969).

> In several cases, insurance companies have argued that the claimant must secure a determination on the issues of fault and damages by suing the uninsured motorist before he may bring an action against the insurance company under the uninsured motorist coverage. This approach has been rejected, except in Georgia, South Carolina, and Virginia.

*Id.* *Accord* Annotation, *Insured's Right to Bring Direct Action Against Insurer for Uninsured Motorist Benefits*, 73 A.L.R.3d at 665. *See Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 461 N.W.2d 291, 294 (Iowa 1990) (suit against *under* insured tortfeasor not required as condition for recovery). We therefore reject this argument.

■ The plaintiff also argues that, if the legislature had intended to permit insurance companies to reduce the time limits, it would have said so, as it did in the case of fire insurance policies. This argument is based on Iowa Code section 515.138, which specifically provides for a reduced claims period (twelve months) in fire insurance policies. This argument is unpersuasive, however, because Iowa has long recognized the rights of insurers to limit time for claims, irrespective of a legislative imprimatur on such provisions. *See, e.g., Cook v. Heinbaugh*, 202

Iowa 1002, 1003–04, 210 N.W. 129, 129–30 (1926); *Farmer's Coop Creamery Co. v. Iowa State Ins. Co.*, 112 Iowa 608, 609–10, 84 N.W. 904, 904–05 (1900). Thus, it is clear that the authority to reduce claims time springs from general contract principles, not from any statutory grant of authority.

■ Cases from other jurisdictions have specifically recognized the right of insurance companies to reduce statutory times in uninsured motorist policies. In *Coyne v. Country Mutual Insurance Co.*, 39 Ill.App.3d 279, 349 N.E.2d 485 (1976), the policy provided that any suit seeking recovery under its uninsured motorist provision must be filed within two years, despite a ten-year statute of limitations on contract claims.

In *Globe American Casualty Co. v. Goodman*, 41 Ohio App.2d 231, 325 N.E.2d 257 (Ohio App.1974), the policy provided that proceedings for recovery under the uninsured motorist coverage must be commenced within twelve months from the accident. The insured contended that this one-year limitation on the cause of action was invalid because Ohio law provided a two-year statute of limitations for bodily injury. The insured further contended that, when there is a conflict or an ambiguity in the terms of an insurance policy, it must be resolved in favor of the insured.

The appellate court rejected these arguments, concluding that the one-year limitation on actions was not in conflict with Ohio's two-year statute of limitations on tort claims. *Id.* at 237, 325 N.E.2d at 261.

One authority has summarized the rule for modifying time limits in insurance policies as follows:

> A contractual limitation requiring suit to be brought within a prescribed period of time is, in the absence of statutory provisions to the contrary, valid if reasonable. Consequently, an action brought after the expiration of such time would be barred. The fact that the period thus fixed is shorter than the general statute of limitations does not invalidate the policy requirement. And the fact that the policy provides that any conflicting statutory provisions shall prevail does not substitute the statutory limitation in the place and stead of the contractual limitation.

John Alan Appleman & Jean Appleman, 20A *Insurance Law and Practice* § 11601, at 428–33 (1980).

In the absence of a controlling statute restricting the insurer's rights to fix limitation periods different from those prescribed in the general statutes of limitation, for bringing suits upon insurance policies, an insurance company may, consistently with public policy, make valid stipulations in policies which it issues limiting the time for bringing actions thereon to a period less than that prescribed by the general statutes of limitation for the bringing of actions upon contractual obligations, provided a reasonable period of time is allowed for the bringing of actions upon such policies.

44 Am.Jur.2d *Insurance* § 1879 at 878 (1982).

We conclude that the two-year limitation provided by the policy was valid and enforceable. We agree with the district court that the suit must be dismissed.

**AFFIRMED.**