**Johnny Duane WHICKER and Sharon Gail Whicker, Appellants,**

v.

**Johnny Joe GOODMAN and Chad Slavin, Defendants,**

and

**Auto Owners Insurance Company, Appellee.**

**No. 96–1498.**

Supreme Court of Iowa.

March 25, 1998.

John A. Pabst of the Pabst Law Firm, Albia, for appellants.

Marion H. Pothoven and Randall C. Stravers of Pothoven, Blomgren & Stravers, Oskaloosa, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

The plaintiff, Johnny Duane Whicker, seeks uninsured motorist benefits under an automobile insurance policy issued by appellee, Auto Owners Insurance Company, to Whicker's grandfather. The district court ruled that, as a matter of law, Whicker was not an insured under this policy at the time he sustained injuries caused by the uninsured motorist. We affirm.

I. *Background Facts and Proceedings.*

The material facts giving rise to this lawsuit are undisputed. Johnny Whicker and his father went to the home of Whicker's uncle, James Smith, to install Smith's stock rack on Whicker's 1993 Chevy pickup. Whicker parked his pickup next to his grandfather's 1972 Dodge pickup, which was sitting near the stock rack. In order to facilitate access to the stock rack, Whicker moved his grandfather's pickup back a few feet. Whicker and his father then proceeded to move the stock rack and position it on the back of Whicker's pickup.

Approximately three to five minutes after Whicker had moved his grandfather's pickup, a vehicle driven by defendant, Johnny Goodman, and owned by defendant, Chad Slavin, struck Whicker's pickup. At the time of the accident, Whicker was holding one end of the stock rack upright while the other end rested against the side of Whicker's pickup. The force of Goodman's vehicle striking Whicker's pickup threw Whicker against his grandfather's pickup.

Neither Goodman nor Slavin had insurance coverage, so Whicker sought uninsured motorist benefits under the policies covering his pickup and his grandfather's pickup. There is no dispute that Whicker's damages exceeded the combined limits of these policies. Auto Owners denied coverage under the policy issued to Whicker's grandfather. Whicker and his wife, Sharon Gail Whicker, then filed this lawsuit against Goodman, Slavin, and Auto Owners. Only the claim against Auto Owners is involved in this appeal.

Both Whicker and Auto Owners filed motions for summary judgment. Coverage turned on whether Whicker qualified as an "insured" under the uninsured motorist (UM) coverage of the Auto Owners policy. That coverage obligated Auto Owners "[t]o pay all sums which *the insured* or his legal representative shall be legally entitled to recover

as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured." (Emphasis added.) The district court ruled Whicker was not an insured and, therefore, entered summary judgment in favor of Auto Owners. Whicker filed this appeal.

## II. *Scope of Review.*

We review a summary judgment on error. *See* Iowa R. Civ. P. 237(c). A summary judgment will be affirmed when the moving party has shown no genuine issues of material fact exist and the party is entitled to judgment as a matter of law. *See id.; C–Thru Container Corp. v. Midland Mfg. Co.,* 533 N.W.2d 542, 544 (Iowa 1995). Here, the parties agree that no genuine issue of material fact exists. Our role, therefore, is to decide whether the district court correctly held that, under the undisputed facts, Whicker was not an insured under the UM coverage as a matter of law. Because the parties offer no extrinsic evidence on the meaning of the policy definition of "insured," the interpretation of the policy language is a question of law for the court. *See Tropf v. American Family Mut. Ins. Co.,* 558 N.W.2d 158, 159 (Iowa 1997).

## III. *Whicker's Status as an "Insured."*

The definitions section of the Auto Owners policy gives the following definition of "insured":

A. "INSURED" shall mean:

(1) wherever used in Coverages A and B [liability coverage for bodily injury and property damage] and in other parts of this policy when applicable to these coverages, the named insured and any person using the automobile ... provided the actual use thereof is with the permission of the named insured....

(2) wherever used in Coverage D [UM coverage], and in other parts of this policy when applicable thereto: (a) the first named insured if an individual and not a corporation, firm or partnership, and, while residents of the same household, the spouse of the first named insured and, if not owning any automobile, the relatives of either; (b) *any person while in, upon,*

*entering or alighting from an automobile to which Coverage A of this policy applies;* (c) any person, with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which Coverage D applies.

(Emphasis added.) Whicker was not a named insured under the Auto Owners policy or a relative residing with the named insured so as to fall within the first part of the UM definition of "insured." The pickup owned by Whicker's grandfather was, however, "an automobile to which Coverage A of th[e] policy applies." Consequently, if Whicker was "in, upon, entering or alighting from" his grandfather's pickup at the time of the accident, he would be an insured under the UM coverage of the Auto Owners policy.

We recently considered the meaning of a very similar definition of "insured" in *Simpson v. United States Fidelity & Guaranty Co.,* 562 N.W.2d 627 (Iowa 1997). In that case, anyone "occupying" a covered auto was an insured for purposes of UM coverage. *Simpson,* 562 N.W.2d at 629. The policy defined the term "occupying" as "in, upon, getting in, on, out or off" the covered auto. *Id.* We held this definition, when "construed in light of the purposes and intent of the [uninsured motorist] statute," extended UM coverage to anyone "in close proximity to the [covered auto]" and "engaged in an activity relating to the use of the [covered auto]." *Id.* at 630–31.

Because there is no meaningful distinction between the policy language interpreted in *Simpson* and the definition of "insured" in the Auto Owners policy, we give the language at issue here the same meaning we applied in *Simpson.* Thus, we examine the undisputed facts of the present case to determine whether Whicker was engaged in an activity relating to the use or maintenance of his grandfather's pickup and whether he was in "a 'zone' or 'area' around the insured vehicle in which protection is afforded." *Id.* at 629.

Although Whicker was in close proximity to his grandfather's pickup when he was injured, his use of that vehicle had ceased prior to the accident. When Good-

man's vehicle struck Whicker's pickup, Whicker was putting a stock rack on the back of his own vehicle. That activity had no connection with the pickup insured by Auto Owners. Consequently, Whicker was not engaged in an activity relating to the use or maintenance of his grandfather's pickup at the time he was injured.

Whicker argues, however, that his previous action in moving his grandfather's vehicle made him a "person using the [insured] automobile" and, therefore, an insured under the liability coverages of the policy. He contends that once he became an insured under the liability provisions of the policy, the insurer was required to extend UM coverage to him. Whicker relies on our decision in *Hornick v. Owners Insurance Co.*, 511 N.W.2d 370, 373 (Iowa 1993), where we held that persons protected by the liability coverage of a policy must be insured by the underinsured motorist (UIM) coverage. In *Hornick*, we affirmed the district court's ruling that the named insured's wife was an insured under the UIM provision of the policy when, as a pedestrian, she was injured when struck by an underinsured motorist. 511 N.W.2d at 373.

The *Hornick* decision is factually distinguishable. In that case the injured person was an insured under the liability coverage because she was "a relative who live[d] with [the named insured]." *Id.* Therefore, her status as an insured did not depend on her use or occupation of the insured vehicle. Consequently, the UIM coverage applied to her when she was a pedestrian because, even though a pedestrian, she was still "a relative who live[d] with [the named insured]" and, hence, an insured under the liability coverage. *See generally* 1 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance* § 4.2, at 60–61 (2d ed. 1992) ("Persons who are either named insureds or family members who reside with named insureds . . . are afforded relatively comprehensive protection under the uninsured motorist coverage" because they "are protected when they are operating or are passengers in a motor vehicle, as well as when they are engaged in any other activity . . . .").

Whicker's reliance on *Hornick* would be proper if Whicker had been injured while moving his grandfather's pickup. At that time, he was an "insured" under the liability coverages of the policy because he was using the insured vehicle. Thus, under our decision in *Hornick*, he would also be entitled to UM coverage *during the period he was using his grandfather's pickup* because that was the period during which he was an insured under the liability coverages. But Whicker was injured several minutes later, after his use of his grandfather's pickup had ended and after he had focused his activities elsewhere. Whicker was *not* an insured under the liability coverages of the Auto Owners policy with respect to his activities occurring *after* he stopped using his grandfather's pickup. Therefore, our decision in *Hornick* does not require that Whicker be extended UM coverage for these later activities. In summary, Whicker was not an insured at the time of the accident simply because he had qualified as an insured earlier in connection with an activity that had ceased. *See Thiem v. Hertz Corp.*, 732 F.2d 1559, 1560–62 (11th Cir.1984) (denying coverage for claimant injured while walking across a street "shortly after exiting [an insured] vehicle"); *Mullins v. Mayflower Ins. Co.*, 9 Cal.App.4th 416, 420, 11 Cal.Rptr.2d 635, 638 (1992) (denying coverage to passenger in insured vehicle who had temporarily abandoned vehicle to make a telephone call); *Fidelity & Cas. Co. v. Garcia*, 368 So.2d 1313, 1315 (Fla.Dist.Ct.App. 1979) (denying coverage for claimant injured when crossing street after leaving insured car); *Fischer v. Aetna Ins. Co.*, 65 Misc.2d 191, 317 N.Y.S.2d 669, 671 (finding no coverage when claimant left vehicle to help an injured person, because "[t]he only relation between the . . . insured vehicle and the accident was the fortuitous circumstance that he was riding in it when he observed the situation that prompted him to respond as a good samaritan"), *aff'd*, 37 A.D.2d 917, 325 N.Y.S.2d 1012 (1971).

Discovering no facts in the record that would support a finding Whicker was an insured at the time he was injured by the uninsured motorist, we conclude the district court correctly decided that Whicker could not recover under the UM coverage of the

Auto Owners policy as a matter of law. Therefore, we affirm the judgment in favor of Auto Owners.

**AFFIRMED.**