Donna K. NICODEMUS, Appellant,

v.

**MILWAUKEE MUTUAL INSURANCE CO., Appellee.**

No. 98–1838.

Supreme Court of Iowa.

July 6, 2000.

Jeffrey A. Kelso and Matthew R. Drevlow of Stamatelos & Kenyon, P.C., West Des Moines, for appellant.

Samuel C. Anderson and Jim D. DeKoster of Swisher & Cohrt, P.L.C., Waterloo, for appellee.

TERNUS, Justice.

The issue presented in this case is the reasonableness of an insurance policy provision that shortened the limitations period governing the insured's claim for policy benefits. In a summary judgment ruling, the trial court upheld the validity of the contractual limitations provision and dismissed the insured's lawsuit against the insurer on the basis that the insured's action was not brought within the time period required by the contract. We think the contractual limitations provision at issue here is unreasonable and therefore unenforceable. Accordingly, we reverse and remand.

I. *Background Facts and Proceedings.*

A. *Insurance policy.* At the times material to the dispute before us, the appellant, Donna Nicodemus, was insured under a policy of insurance issued by the appellee, Milwaukee Mutual Insurance Co. This policy provided underinsured motorist (UIM) coverage, subject to certain conditions and limitations. One condition of coverage was the following provision, commonly known as an exhaustion requirement:

> We are not obligated to make any payment under this insurance until the limits of liability under all **bodily injury** liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements.

The other relevant terms of the policy are found in the following paragraph, which places a condition precedent to and a time limitation on actions against the insurer, Milwaukee Mutual:

> No suit, action or arbitration proceedings for recovery of any claim may be brought against us until the insured has fully complied with all the terms of this policy. Further, any suit, action or arbitration will be barred unless commenced within two years after the date of the accident.

B. *UIM claim.* On November 19, 1994, Nicodemus was injured in an automobile accident with an underinsured motorist. She sued the underinsured motorist and settled that lawsuit on October 2, 1997. Nicodemus subsequently filed this action seeking UIM benefits under the Milwaukee Mutual policy on April 10, 1998.

Milwaukee Mutual filed a motion for summary judgment, claiming that Nicodemus had failed to file her suit for UIM benefits within two years of the accident and therefore it was barred pursuant to the terms of the contract. Nicodemus resisted the summary judgment motion, claiming that the contractual limitations provision was unenforceable. The district court held that Milwaukee Mutual had validly reduced the statutory limitations period to two years and, since there was no dispute that the present action was filed more than two years after the accident, the action was time barred. The court accordingly granted summary judgment to the insurer and Nicodemus filed this appeal.

II. *Scope of Review.*

We review a summary judgment ruling on error. *See Whicker v. Goodman,* 576 N.W.2d 108, 110 (Iowa 1998). "A summary judgment will be affirmed when the

moving party has shown no genuine issues of material fact exist and the party is entitled to judgment as a matter of law." *Id.; accord* Iowa R. Civ. P. 237(c).

In the present matter, the facts material to the limitations issue are not in dispute. Additionally, the parties have offered no extrinsic evidence with respect to the meaning of the policy terms, so consequently the interpretation of the policy is a question of law for the court. *See Whicker*, 576 N.W.2d at 110. Therefore, our role is simply to determine whether the district court correctly applied the law to the undisputed facts in deciding that Milwaukee Mutual was entitled to summary judgment. *See id.*

### III. *Governing Legal Principles.*

██ We have previously considered the enforceability of contractual limitations provisions in *Douglass v. American Family Mutual Insurance Co.*, 508 N.W.2d 665 (Iowa 1993) and *Morgan v. American Family Mutual Insurance Co.*, 534 N.W.2d 92 (Iowa 1995).[1] The basic rule was established in *Douglass:* a contractual limitations provision is enforceable if it is reasonable. 508 N.W.2d at 667. Conversely, an unreasonable limitation on the time for bringing an action under the policy is invalid and unenforceable.

██ The reasonableness of a contractual limitations period is determined in " 'light of the provisions of the contract and the circumstances of its performance and enforcement.' " *Id.* at 666 (quoting 1A Arthur L. Corbin, *Corbin on Contracts* § 218, at 311–12 (1963)); *see also Grinnell Mut. Reinsurance Co. v. Employers Mut.*

*Cas. Co.*, 494 N.W.2d 690, 692 (Iowa 1993) ("An insurance policy is construed as a whole, not by its separate provisions."). The policy must provide a reasonable period of time for filing actions to recover under the insurance contract. *See Douglass*, 508 N.W.2d at 668 (citing 44 Am. Jur.2d *Insurance* § 1879, at 878 (1982)). A contractual limitations provision that would require a plaintiff " 'to bring his action before his loss or damage can be ascertained' " is per se unreasonable. *Id.* at 666 (quoting Annotation, *Validity of Contractual Time Period, Shorter Than Statute of Limitations, for Bringing Action*, 6 A.L.R.3d 1197, 1202–03 (1966)). The Ohio Supreme Court has similarly held that "the validity of a contractual period of limitations . . . is contingent upon the commencement of the limitations period on the date that the right of action arising from the contractual obligation accrues." *Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 635 N.E.2d 323, 329 (1994).

### IV. *Application of Law to Milwaukee Mutual Policy.*

Nicodemus contends that, when the contractual limitations provision is considered in context with the other requirements of the policy, the limitations provision is unreasonable. As noted earlier, the policy requires that the insured exhaust the tortfeasor's liability insurance by judgment or settlement in order to trigger coverage under the UIM section of the policy. The UIM coverage also prohibits any suit against the insurer until the insured has complied with all policy terms. The practical effect of these policy provisions is that an insured has no claim for UIM benefits

---

**1.** This court recently overruled, in part, both the *Douglass* and *Morgan* cases. *See Hamm v. Allied Mut. Ins. Co.*, 612 N.W.2d 775, 780-81 (Iowa 2000). In *Hamm*, we held that we had erred in our characterization of a policy provision prohibiting coverage "on any claim that is barred by the tort statute of limitations." 612 N.W.2d at 780. Such policy language merely establishes a general limitation on the scope of coverage; it does not establish the limitations period for asserting a contrac-

tual claim for coverage under the policy, as we held in *Douglass* and *Morgan*. *Id.* Our decision in *Hamm* in no way affected, however, the validity of the legal principles set forth in *Douglass* and *Morgan* with respect to the enforceability of a policy provision that actually does shorten the statutory limitations period. We continue to adhere to those legal principles and apply them in the case before us.

and may not even institute suit against the insurance carrier until she has obtained a judgment against the tortfeasor or reached a settlement with the tortfeasor.[2] *See Kuhner v. Erie Ins. Co.*, 98 Ohio App.3d 692, 649 N.E.2d 844, 848 (1994) (interpreting nearly identical policy provisions). As will be explained, these policy terms have a great impact on the ability of an insured to comply with the two-year contractual limitations provision.

■ It is important at this juncture of our analysis to point out that the two-year limitations period provided in the policy does not commence on the date that the insured's claim under the policy accrues. Under general contract principles, the insured's claim typically accrues and the statute of limitations begins to run upon the insurer's denial of coverage or refusal to pay. *See Hamm v. Allied Mut. Ins. Co.*, 612 N.W.2d 775, 783 (Iowa 2000). Under the contractual limitations period imposed by the Milwaukee Mutual policy, the limitations period commences at the time of the motor vehicle accident providing the basis for the UIM claim. Thus, the limitations period begins to run before the insured has ascertained the extent of her underinsured damages and before she is permitted, under the policy, to file suit against her insurer.

The operative result of the policy terms, when considered together, is that the insured has two years from the date of the accident (1) to obtain a judgment against the tortfeasor, or alternatively to reach a settlement with the tortfeasor, *and* (2) to sue the UIM insurer. If the insured is unable to reach a prompt settlement with the tortfeasor, she is put to the difficult task of filing suit against the tortfeasor and taking her case to trial within two years. While this could certainly be done, we note that the legislature has deemed it appropriate to give an injured party two years simply to investigate her claim against a tortfeasor and get her lawsuit on file. *See* Iowa Code § 614.1(2) (1999). Here, the insurance company is requiring not only that the insured investigate her tort claim and file suit within two years, but also that she *conclude* her litigation against the tortfeasor *and* file an action against her insurer within that same two-year period. Thus, the policy makes exhaustion of the tort claim a condition precedent to suit against the insurer, yet starts the limitations period without regard to whether exhaustion has occurred. We conclude that this time frame for filing suit under the policy is unreasonable. *See Kuhner*, 649 N.E.2d at 848 (holding that nearly identical policy provisions "as a practical matter" deprived the insureds of coverage).

We have not overlooked Milwaukee Mutual's argument that the insured could simply commence her action against the insurer at the same time she files suit against the underinsured motorist, thereby complying with the two-year limitations period governing both claims. While this course of action is certainly permissible under our UIM statute, *see Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 461 N.W.2d 291, 294 (Iowa 1990), it is not allowed by the terms of Milwaukee Mutual's policy. Under the

---

**2.** Milwaukee Mutual relies on an Illinois Appellate Court decision upholding a two-year contractual limitations provision in an underinsured motorist policy that also contained an exhaustion requirement. *See Shelton v. Country Mut. Ins. Co.*, 161 Ill.App.3d 652, 113 Ill.Dec. 426, 515 N.E.2d 235 (1987). We find the reasoning of the Illinois court unpersuasive. In the *Shelton* case, the court concluded that the exhaustion clause did not determine "when a suit can be filed against [the insurer], but instead qualifie[d] only when it would pay a claim." 113 Ill.Dec. 426, 515 N.E.2d at 238. Although the court accurately characterized the effect of the exhaustion clause, the court failed to consider the impact of the policy requirement that the insured fully comply with all policy terms before initiating suit against the insurer. Surely one such policy term is that the insured exhaust the limits of any applicable liability policies. The Illinois court's failure to consider this policy provision and its interplay with the exhaustion requirement and the contractual limitations period renders its analysis unconvincing.

policy at issue here, the insured has no claim for UIM benefits until she has exhausted her rights against the tortfeasor. Thus, any lawsuit against the insurer seeking UIM benefits before the insured has complied with the exhaustion requirement would be subject to summary judgment. Therefore, the plaintiff does not have the option of simultaneously suing the insurer and the underinsured motorist as suggested by Milwaukee Mutual.

### V. *Conclusion and Disposition.*

In conclusion, the contractual limitations provision in the Milwaukee Mutual policy, which commences the limitations period before the insured's claim accrues, is unreasonable and, therefore, unenforceable. Consequently, the district court erred in applying the two-year contractual limitations period in determining whether the insured's action was timely filed.

█ In view of the fact that the contractual limitations provision is invalid, the ten-year statutory limitations period governs. *See* Iowa Code § 614.1(5); *Hamm,* 612 N.W.2d at 779. The undisputed facts establish that the present action was filed within this ten-year period. Therefore, the insured's suit is not time barred and Milwaukee Mutual was not entitled to summary judgment on this basis. Accordingly, we reverse the district court's ruling granting judgment to Milwaukee Mutual and remand the case for further proceedings.

**REVERSED AND REMANDED.**

All justices concur except NEUMAN, J., who takes no part.