# IN THE COURT OF APPEALS OF IOWA

No. 3-1099 / 13-0111
Filed February 5, 2014

GARRY SLIFE, CAROL SLIFE, BRIAN
SLIFE and MEGAN SLIFE, All Individually
and doing business as PLEASANT
VALLEY DAIRY,
      Plaintiffs-Appellants,

vs.

FARMERS MUTUAL HAIL INSURANCE
COMPANY OF IOWA,
      Defendant-Appellee.
_____

      Appeal from the Iowa District Court for Buchanan County, Michael

Shubatt, Judge.


      An insured appeals from summary judgment of a claim on an insurance

contract.  **AFFIRMED.**



      Larry F. Woods, Oelwein, for appellants.

      Sean M. O'Brien and Catherine M. Chargo of Bradshaw, Fowler, Proctor &

Fairgrave, P.C., for appellee.



      Heard by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

**I.      Background Facts and Proceedings.**

The plaintiffs, Garry, Carole, and Brian Slife (the Slifes), operate Pleasant Valley Dairy in Buchanan County.  For several years, they purchased insurance from Central Iowa Mutual Insurance Association (CIMIA).  Each year, they renewed their policy for a one-year duration.  In 2011, CIMIA merged with and now does business as Farmers Mutual Hail Insurance Company (Farmers Mutual).

On November 11, 2009, the Slifes renewed their insurance policy, as they had done for the previous several years.  The policy covered the period of November 11, 2009, to November 11, 2010, (the 2009/2010 policy) and contained a term requiring the Slifes to bring any cause of action within one year of the damage.  On November 11, 2010, the Slifes again renewed their policy (the 2010/2011 policy).  This policy contained a term giving the Slifes two years for the bringing of a cause of action.  Both the 2009/2010 policy and 2010/2011 policy displayed a page header stating:

STANDARD FARM POLICY

DUPLICATE
CONTINUOUS POLICY

On January 7, 2010, a collapsed roof caused damage to a farm service building on the insured property.  Farmers Mutual conducted two inspections of the damage and determined the policy excluded coverage for the loss.  Farmers Mutual denied payment of the damage to the building.  The Slifes requested reconsideration, and Farmers Mutual again denied coverage.

Almost two years after the damage occurred, on January 5, 2012, the Slifes filed a petition for breach of contract against Farmers Mutual and for negligence in procuring insurance against the insurance agent and the insurance broker. On June 21, 2012, Farmers Mutual filed a motion for summary judgment arguing the Slifes' petition was barred as a matter of law by failure to comply with the contractual limitation requiring filing suit within one year of the loss. The motion came on for hearing August 21, 2012. On October 12, 2012, the court granted summary judgment, agreeing that the action was time-barred.

On October 26, 2012, the Slifes filed a motion to amend and enlarge pursuant to Iowa Rule of Civil Procedure 1.904. The district court denied the motion by a ruling filed December 24, 2012. The Slifes voluntarily dismissed all defendants other than Farmers Mutual, leaving the ruling on the motion for summary judgment dispositive of the only remaining issues between the parties. They appeal from the grant of summary judgment.

## II. Standard of Review.

Appellate review of a summary judgment ruling is for correction of errors of law. *Shriver v. City of Okoboji*, 567 N.W.2d 397, 400 (Iowa 1988). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.* The burden is upon the moving party to show the nonexistence of material facts and to prove the party is entitled to judgment as matter of law. *Knapp v. Simmons*, 345 N.W.2d 118, 121 (Iowa 1984). A genuine issue of material fact exists if evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.

*Fees v. Mut. Fire & Auto. Ins. Co.*, 490 N.W.2d 55, 57 (Iowa 1992).  To uphold the district court's summary judgment rulings, we must confirm that no disputed issues of material fact existed to render summary judgment inappropriate, and the district court correctly applied the law to those undisputed facts.  *Royce v. Hoening*, 423 N.W.2d 198, 200 (Iowa 1988).  We "view the facts in the light most favorable to the party opposing the motion for summary judgment."  *Shriver*, 567 N.W.2d at 400.  Every legitimate inference that reasonably can be deduced from the evidence is afforded the nonmoving party.  *Northup v. Farmland Indus., Inc.*, 372 N.W.2d 193, 195 (Iowa 1985).  In ruling on a motion for summary judgment, the court considers the record as it then exists.  *Prior v. Rathjen*, 199 N.W.2d 327, 331 (Iowa 1972).

## III.    Analysis.

The Slifes allege three grounds of error in the district court's rulings.  First, they contend the district court erred in finding the one-year contractual limitation in the 2009/2010 policy was the applicable provision.  If the one-year limitation applies, they contend the district court erred in finding the limitation was not unconscionable.

### A.    The Applicable Policy.

The interpretation and construction of contracts are two distinct exercises. *LeMars Mut. Ins. Co. v. Joffer*, 574 N.W.2d 303, 306 (Iowa 1998).

> Interpretation requires a court to determine the meaning of contractual words.  This is a question of law for the court unless the meaning of the language depends on extrinsic evidence or a choice among reasonable inferences to be drawn.  Construction of an insurance policy requires the court to determine its legal effect.

The proper construction of an insurance contract is always an issue of law for the court.

*Id.* (internal citations and quotations omitted). The cardinal principle of construction and interpretation of insurance policies is that the intent of the parties controls. *Id.* The intent of the parties is determined by the language of the policy, unless the language is ambiguous. *Id.* A policy is ambiguous if the language is susceptible to two reasonable interpretations. *Boelman v. Grinnell Mut. Reinsurance Co.*, 826 N.W.2d 494, 501 (Iowa 2013). "We read the policy as a whole when determining whether the contract has two equally plausible interpretations." *Id.*

The Slifes argue the district court should not have found the one-year limitation in the 2009/2010 policy was the applicable provision. They argue the limitation term is made ambiguous by the words "continuous policy" in the header of the renewal form. Any ambiguity, they argue, should be resolved in their favor. They assert the inclusion of the word "continuous" indicates the actual agreement between the parties was an overarching "contract" spanning all the years the Slifes renewed their policy with Farmers Mutual and is predecessor, CIMIA. Each individual policy, they argue, was a modification of the "contract." The two-year limitation in the 2010/2011 policy modified the "contract" such that damage incurred during the 2009/2010 policy period would be subject to a two-year limitation. This, they argue, creates a genuine issue of material fact regarding which policy term was applicable.

Farmers Mutual acknowledges the header contained the words "continuous policy," but argues that each yearly renewal formed a distinct,

individual contract with terms applicable during the coverage period. By affidavit, their vice president stated the "continuous policy" label signified the 2009/2010 policy was a renewal of a previous policy and a continuation of an existing policy number. Farmers Mutual also argues the policy language is not ambiguous.

The limitation provision of the 2009/2010 policy states, "No suit may be brought against us unless all the terms of this policy have been complied with and the suit is brought within one year after the loss." It further provides, "This policy only covers losses that occur during the policy period." The policy header states: "Period From: 11/11/09 To 11/11/10 Effective: 11/11/09[.]"

Nothing in the record or language of the policies supports the Slifes' contention that the presence of the word "continuous" generates a genuine issue of fact in support of concluding that the two-year limitation of the 2010/2011 policy applies to the 2009/2010 policy where the express contractual language provides for a one-year limitation. The mere presence of the word "continuous" in the header does not create ambiguity about the applicable limitation. The language of the policy is clear and susceptible to only one reasonable interpretation. We agree with the district court that the Slifes have failed to generate a genuine issue of material fact as to this issue. The district court correctly held as a matter of law the one-year limitation in the 2009/2010 policy was the applicable provision at the time of the damage.

**B.      Unconscionability.**

A contract is unconscionable if it is "such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man

would accept on the other." *In re Marriage of Shanks*, 758 N.W.2d 506, 514 (Iowa 2008) (internal quotation and citation omitted). Procedural unconscionability involves employment of "sharp practices," convoluted language, and inequality in bargaining power. *Id.* at 515. The Slifes asserted they did not have a copy of the 2009/2010 policy in their possession and Farmers Mutual did not specifically mention the change in the limitation to them. In the absence of fraud or mistake, ignorance of the contents of a written contract will not affect the party's liabilities. *Gouge v. McNamara*, 586 N.W.2d 710, 713 (Iowa Ct. App. 1998). The Slifes do not allege fraud or mistake, only lack of knowledge of the contents of the policy. Accordingly, the Slifes' assertion does not demonstrate procedural unconscionability.[1]

Substantive unconscionability involves harsh, oppressive, and one-sided contract terms. *Shanks,* 758 N.W.2d at 514 (internal quotations omitted). However, "Iowa has long recognized the rights of insurers to limit time for claims." *Douglass v. Am. Family. Mut. Ins. Co.*, 508 N.W.2d 665, 667 (Iowa 1993), *overruled on other grounds by Hamm v. Allied Mut. Ins. Co.*, 612 N.W.2d 775 (Iowa 2000). Such limitations must allow the insured a reasonable time to bring their claim. *Id.*; *Robinson v. Allied Prop. & Cas. Ins. Co.*, 816 N.W.2d 398, 402 (Iowa 2012). The purpose of the limitation is "to prevent the bringing and enforcement of stale claims." *Douglass*, 508 N.W.2d at 666. "[W]hat constitutes

---

[1] In addition, our supreme court has found, "An insurer does not have the duty to warn its policyholders that the time period for filing suit against it is running out." *Morgan v. Am. Family Mut. Ins. Co.*, 534 N.W.2d 92, 100 (Iowa 1995), *overruled on other grounds by Hamm v. Allied Mut. Ins. Co.*, 612 N.W.2d 775, 784 (Iowa 2000). The supreme court recently reaffirmed this principle in *Osmic v. Nationwide Agribusiness Insurance Co.*, No. 12-1295, 2014 WL 88240, at *7 (Iowa Jan. 10, 2014).

a reasonable time usually depends upon the circumstances of the particular case." *Id.* "[T]ime allowed should be sufficient to allow the plaintiff to investigate and file his case within the limitation period[.]" *Id.* "[P]eriods which are so short as to amount to a practical abrogation of the right of action, or which would require plaintiff to bring his action before his loss or damage can be ascertained, are unreasonable." *Id.*

The Slifes assert the one-year limitation is a harsh term when compared with the general statute of limitations period of ten years for claims on a contract set out in Iowa Code section 614.1(5) (2011). The Slifes argue, "[T]here is no person in his or her right sense that would give up 9 additional years to bring their cause of action . . . . Further, no honest and fair person would be willing to accept such a radical departure from the norm [of ten years.]" The Slifes, however, did renew their policy with Farmers Mutual with only a two-year limitation period.

The damage to the property occurred on January 7, 2010. Farmers Mutual conducted two investigations and informed the Slifes of their decision not to extend coverage on February 3, 2010. After the reconsideration request, Farmers Mutual gave the Slifes their final decision on April 21, 2010. The Slifes then had over seven months to bring their claim but did not file their petition until January 2012, almost two years after the damage occurred. The Slifes had ample time to file their petition within the contractually-limited time. Thus, the limitation was reasonable. Moreover, Iowa courts previously have found a one-year contractual limitation to be reasonable in insurances cases. *See Thomas v.*

*United Fire & Casualty Co.*, 426 N.W.2d 396, 397-98 (Iowa 1988); *Stahl v. Preston Mut. Ins. Ass'n*, 517 N.W.2d 201, 202 (Iowa 1994). Therefore, as a matter of law, we find the one-year limitation was not unconscionable.

**IV.    Conclusion.**

We find there are no genuine issues of material fact. The district court correctly determined the 2009/2010 contractual limitation was the applicable provision and was not unconscionable. Accordingly, Farmers Mutual is entitled to judgment as a matter of law, and the district court properly granted summary judgment. We affirm.

**AFFIRMED.**