# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0571
Filed April 29, 2026

---

**William M. Domino,**
Plaintiff–Appellee,

v.

**American Standard Insurance Company of Wisconsin,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Polk County,
The Honorable Michael D. Huppert, Judge.

---

**AFFIRMED**

---

Brenda K. Wallrichs of Lederer Weston Craig PLC, Cedar Rapids, and
Jessica Ann Eglseder, Madison, Wisconsin, attorneys for appellant.

Shawn Shearer of The Shearer Law Office, P.C., University Heights,
attorney for appellee.

---

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

1

**BULLER, Judge.**

William Domino was involved in a motorcycle-and-automobile collision in 2020. He carried an insurance policy with uninsured motorist benefits, issued by American Standard Insurance Company of Wisconsin. And the policy included three provisions relevant here (emphasis in original):

> **We** may not be sued unless all terms of this policy are complied with. . . .
>
> . . . .
>
> Under the Uninsured Motorist and Underinsured Motorist coverages, any suit against **us** will be barred unless commenced within two years from the date of the accident.
>
> . . . .
>
> **We** will pay under [the underinsured motorist] coverage only after the limits of liability under any **bodily injury** bonds or policies have been exhausted by payment of judgments or settlements.

In 2021, Domino sent a demand letter for the policy limit of his underinsured motorist coverage. But Domino didn't file this lawsuit until 2024—outside the policy's two-year limitations period. So American Standard moved for summary judgment, asserting the claim was time-barred. Domino resisted, citing supreme court precedent and urging the limitations period was unreasonable and unenforceable due to the exhaustion and compliance provisions. The district court denied summary judgment by written ruling, finding no disputed facts and that the policy's limitations period was unenforceable under *Nicodemus v. Milwaukee Mutual Insurance Co.*, 612 N.W.2d 785 (Iowa 2000).

American Standard sought interlocutory review, which our supreme court granted before transferring the case to us for disposition. We review for

correction of errors at law. *Robinson v. Allied Prop. & Cas. Ins.*, 816 N.W.2d 398, 401 (Iowa 2012).

In its brief,[1] American Standard criticizes both the district court (for applying *Nicodemus*) and the supreme court (for allegedly conflating concepts in its case law). We understand the fight to be over which of two cases applies: *Nicodemus*, 612 N.W.2d at 788–89 (which invalidated a two-year limitation period in light of an accompanying exhaustion clause), or *Robinson*, 816 N.W.2d at 402–03 (which upheld a two-year limitation period when there was not a comparable exhaustion clause). Notably, *Robinson* did not overrule *Nicodemus*. *See* 816 N.W.2d at 403–04.

We, like the district court, conclude *Nicodemus* controls. As in that case, the policy here contained an exhaustion clause that essentially required prior litigation to conclude before the carrier had to pay—"We will pay under [the underinsured motorist] coverage only after the limits of liability under any bodily injury bonds or policies have been exhausted by payment of judgments or settlement." *Cf. Nicodemus*, 612 N.W.2d at 786 ("**We** are not obligated to make any payment under this insurance until the limits of liability under all **bodily injury** liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements."). At core, both the provision here and the provision in *Nicodemus* provide that, until other litigation proceeds to judgment or settlement, the insurer will not pay. We agree with the district court there is essentially no daylight between this case and *Nicodemus*. And to the extent American Standard wishes us to reimagine or view *Nicodemus* in a different

---

[1] Domino did not file a brief on appeal. *See* Iowa R. App. P. 6.903(3).

light, that is a task reserved to the supreme court.[2] *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

Last, we recognize American Standard argues on appeal that, *Nicodemus* aside, Domino concluded litigation against the tortfeasor in time to file suit against American Standard (though we have no information regarding the *payment* from that litigation as required under the exhaustion clause). So, American Standard argues, even if the policy could be unreasonable under certain circumstances, it was reasonable as applied to Domino. But the district court did not rule on this issue, and American Standard did not file a motion under Iowa Rule of Civil Procedure 1.904(2) or otherwise seek to obtain such a ruling. This claim is therefore not preserved, and we do not reach it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537–41 (Iowa 2002).

**AFFIRMED.**

---

[2] At least to some degree, American Standard recognizes this. It requested the supreme court retain this case on the basis there was a conflict in the case law "[o]nly the supreme court can resolve."