45 Wn. App. 663 (1986)
726 P.2d 1021
YAKIMA ASPHALT PAVING COMPANY, ET AL, Appellants,
v.
THE DEPARTMENT OF TRANSPORTATION, Respondent.
No. 8759-6-II.
The Court of Appeals of Washington, Division Two.
October 14, 1986.
Timothy J. Carlson and Halverson & Applegate, for appellants.
Kenneth O. Eikenberry, Attorney General, and Gregory F. Brunson, Assistant, for respondent.
WORSWICK, C.J.
Yakima Asphalt Paving Company, a subcontractor on two highway projects, brought this action against the Washington State Department of Transportation, claiming that it was entitled to an "asphalt cement adjustment" pursuant to a price adjustment provision in *664 the prime contract between the Department and Northwest Construction, Inc. On motion, the Superior Court dismissed because the action as to one project had not been brought within the 180-day limitation period set forth in RCW 47.28.120, and as to both projects because the prime contractor, Northwest, had executed full releases of all claims pursuant to another contract provision. Yakima Asphalt contends that RCW 47.28.120 is unconstitutional, and that the releases are invalid. We do not reach the constitutional question. We affirm, holding that a 180-day limitation period in the prime contract applies, and that the releases are valid.
Northwest and the Department entered into contract 1772 on December 19, 1979, for construction of an interchange on State Route 82 in Eastern Washington. On January 3, 1980, the parties signed contract 1759 for a different interchange along the same highway. Northwest then subcontracted with Yakima Asphalt for the asphalt work on both projects. In order to qualify for final payment, Northwest was required by the prime contracts to certify completion of the work and to release the State from any claims except those expressly identified. Each prime contract also included the following provision:
For the convenience of the parties ... it is mutually agreed ... that any claims or causes of action which the Contractor has against the State of Washington arising from this contract shall be brought within 180 calendar days from the date of final acceptance of the contract by the State.... The parties understand and agree that the Contractor's failure to bring suit within the time period provided, shall be a complete bar to any such claims or causes of action.[[1]]
*665 Work on contract 1759 was completed and accepted by the Department on November 15, 1982. Work on contract 1772 was completed and accepted on February 22, 1983. On each, Northwest certified completion as required, and released the State from all claims without exception.
Yakima Asphalt's action, begun in June 1983, was met by the Department's motion to dismiss.[2] The Department contended that Northwest's releases barred both claims, and that both the 180-day contract limitation and RCW 47.28.120 barred the claim on contract 1759.
The trial court agreed with the Department concerning the releases. It went on to note that the contract limitation and the statutory limitation were identical. It did not apply the contract provision, but held that the statute as well as the release barred the claim on contract 1759.
[1] Yakima Asphalt first contends that RCW 47.28.120 is unconstitutional. We decline to consider this contention. A court will not decide on constitutional grounds an issue that can be resolved on other grounds. Tommy P. v. Board of Cy. Comm'rs, 97 Wn.2d 385, 645 P.2d 697 (1982). Also, it is axiomatic that we may affirm a trial court on any proper theory. Gross v. Lynnwood, 90 Wn.2d 395, 583 P.2d 1197, 96 A.L.R.3d 187 (1978). We conclude that the contract limitation provision is valid and enforceable, and thus it as well as Northwest's release bars Yakima Asphalt's claim on contract 1759.
[2] Parties to a contract can agree to a shorter limitations period than that called for in a general statute. Order of United Comm'l Travelers of Am. v. Wolfe, 331 U.S. 586, 608, 91 L.Ed. 1687, 67 S.Ct. 1355, 173 A.L.R. 1107 (1947). *666 A contract limitation period prevails over the general statute of limitations unless prohibited by statute or public policy, or unless the provision is unreasonable. Ashburn v. Safeco Ins. Co. of Am., 42 Wn. App. 692, 713 P.2d 742 (1986). As a general proposition, a statute of limitations cannot enlarge the time for the commencement of an action when the time limitation therefor is fixed by contract. Lane v. Department of Labor & Indus., 21 Wn.2d 420, 151 P.2d 440 (1944).
Northwest agreed that all claims would be barred unless brought within the 180-day contractual period. No statute prohibits the shorter limitations period. To the contrary, RCW 47.28.120 expresses a public policy congenial to such a limitation for public works contracts.
Yakima Asphalt contends that the provision is unenforceable because it is unreasonable. We disagree. Legislative appropriations, budgetary constraints, federal funding concerns, the volume of public works contracts, and the entire highway funding scheme all make a shorter limitation period reasonable. We see no reason why a contractor or subcontractor would be unaware of a potential claim before a project is completed, and unable to assert it within this limitation period.
Yakima Asphalt next argues that the releases Northwest signed are unenforceable. It contends that these releases were not supported by consideration because Northwest only received payment to which it was already entitled. We disagree.
[3] Inland Empire Builders, Inc. v. United States, 424 F.2d 1370 (Ct. Cl. 1970) is directly in point. There the contract required that a final voucher and general release be signed before final payment was made although, as here, the release could except specific claims. The court rejected the identical argument presented here, relying on United States v. William Cramp & Sons Ship & Engine Bldg. Co., 206 U.S. 118, 51 L.Ed. 983, 27 S.Ct. 676 (1907), which held that the contract itself supplied sufficient consideration. We, too, now hold that a release required by the provisions *667 of a contract is supported by the same consideration that supports the contract itself.
Finally, Yakima Asphalt argues that even if the releases are valid, they are only enforceable against Northwest because it was a third party beneficiary. We disagree.
[4] Yakima Asphalt was not a third party beneficiary. A third party beneficiary contract is not created unless the parties intend that the promisor assume a direct obligation to the intended beneficiary at the time they enter into the contract. Burke & Thomas, Inc. v. International Org. of Masters, Mates & Pilots, 92 Wn.2d 762, 600 P.2d 1282 (1979). There is no evidence of such intent here. The Department assumed no direct obligation to Yakima Asphalt.
We have considered Yakima Asphalt's additional contentions and find them without merit.
Affirmed.
PETRICH and ALEXANDER, JJ., concur.
Reconsideration denied November 6, 1986.
Review denied by Supreme Court March 3, 1987.
NOTES
[1] RCW 47.28.120, containing the same limitation period, reads: "Actions for labor and materials  Limitation of action. Any contracting person, firm, or corporation performing any labor or furnishing any materials upon their contract or otherwise for public work or improvement under the direction of the department or any person claiming any right of action upon any such contract with the state of Washington or who claims a cause of action against the state of Washington arising out of any such contract must bring such suit in the proper court in Thurston county before the expiration of one hundred and eighty days from and after the final acceptance and the approval of the final estimate of such work by the department; otherwise the action is forever barred."
[2] Northwest also joined the action as a plaintiff, but assigned its claim to Yakima Asphalt.

The details of the claim are irrelevant. It involved a contract provision designed to protect the parties from fluctuations in the price of asphalt. Yakima Asphalt contended that the Department used the wrong data in utilizing this provision, thereby causing Yakima Asphalt to be underpaid.