[No. 46694-1-I.   Division One.   April 30, 2001.]

BARRY SYRETT, ET AL., *Appellants*, v. REISNER McEWIN & ASSOCIATES, *Respondent*.

James V. Handmacher (of Bonneville, Viert, Morton & McGoldrick), for appellants.

Raymond S. Weber, Frederick M. Meyers, and Stephania C. Denton (of Mills Meyers Swartling), for respondent.

BECKER, A.C.J. — A time limit provision in a marine survey contract excluded liability unless the customer gave notice of a claim within 90 days and filed suit within six months of the completion of the survey. The customer discovered concealed dry rot in his boat 18 months after the survey and filed suit against the surveyor 7 months after that. The trial court dismissed the suit on summary judgment. We affirm. The contractual notice and claim filing provision was a reasonable limitation on liability, given the object of the contract, because it allowed the customer sufficient time to ascertain any damages resulting from the transaction.

In the spring of 1997, Barry Syrett and his wife were considering the purchase of a 45-foot powerboat. Syrett hired Matthew Harris of Reisner, McEwin & Associates to perform a condition and valuation survey of the vessel. Just above the signature line the work order states: "I hereby authorize Reisner, McEwin & Assoc., Inc. to perform the professional services as requested and to issue a written report in accordance with the terms and conditions on the

reverse side of this form." On the reverse side were 11 separate provisions printed in easily readable type, each captioned in bold face.

Item 5, captioned "Limited Report," stated:

> Customer is cautioned that this is a limited report representing a limited inspection by visual means and surroundings. Inspection of areas normally concealed, areas requiring disassembly of the vessel, scaling of masts, or the operation of equipment is specifically not included unless otherwise agreed upon in writing.

Item 6, "Limited Liability," stated in part: "RM & A shall not be liable in any event for any loss, cost, penalty or damages in excess of $1,000.00," and further stated that additional liability was negotiable: "It is understood by Customer that RM & A's charges for services are based upon this limited liability. RM & A agrees to assume additional liabilities only if requested by Customer and a written agreement setting forth liabilities and additional charges are signed by both RM & A and Customer."

Item 9, "Notice, Claim, Time Limits or Suit," stated:

> RM & A shall in no event be liable even on the limited basis identified above, unless notice of claim thereof is presented in writing to RM & A within ninety (90) days of completion of the work. Customer must also commence suit on any claim or controversy arising under this work order or the work performed pursuant to the work order, within six (6) months from completion of work.

Harris performed the survey on May 28, 1997. He conducted part of the survey with the boat in the water at its moorage, and part of it while the boat was underway between its moorage on Lake Union and a boatyard in the ship canal. When the boat was out of the water at the boatyard, Harris inspected the hull. Syrett paid $455 for the survey. Several days later, Harris submitted a written report to Syrett. The report described the boat and its equipment, estimated its value, listed recommended repairs and replacements, and generally assessed the boat to

be in good condition. Syrett purchased the boat.

In November of 1998, about a year and a half after the survey, Syrett took the boat to Anacortes for certain repairs and improvements. In the first week of January 1999, in the course of drilling a hole through one of the stringers, a worker discovered that wood inside of the fiberglass covering of a stringer was severely rotted.[1] Further investigation revealed that other stringers were in the same condition. Syrett spent approximately $40,000 to replace the stringers. The repairs took approximately seven months.

Syrett filed suit against Reisner on August 9, 1999, alleging negligence and breach of contract. Reisner moved for summary judgment and the trial court granted the motion. The trial court ruled that the contractual limitation on the time to notify and bring suit was enforceable under admiralty law. Syrett appeals, contending that under both Washington and admiralty law, the limitation on liability and the notice and filing deadlines are unenforceable.

This court reviews an order of summary judgment de novo, considering the facts in the light most favorable to the nonmoving party. *Reynolds v. Farmers Ins. Co.*, 90 Wn. App. 880, 884, 960 P.2d 432 (1998). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). This court may affirm summary judgment on any theory supported by the record. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

## NOTICE AND FILING PROVISION

Under Washington law, parties may agree to a shorter limitation on filing suit than the period of the

---

[1] A stringer is a "longitudinal girder, plank, or plate used in ship construction as a strengthening member." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2263 (1971).

applicable statute of limitations. A stipulated limitation period will prevail unless prohibited by statute or public policy, or unless the provision is unreasonable. *Yakima Asphalt Paving Co. v. Dep't of Transp.*, 45 Wn. App. 663, 666, 726 P.2d 1021 (1986), *review denied*, 107 Wn.2d 1029 (1987). In *Yakima Asphalt*, this court held that a subcontractor's suit against the state Department of Transportation was barred by a provision in the contract between the Department and the prime contractor requiring that any suit against the Department arising out of the contract had to be brought within 180 days from the date of the acceptance of the contract. We rejected the argument that the limitation period was unreasonable, seeing no reason why a contractor or subcontractor would be unable to assert a claim within the limitation period. *Yakima Asphalt*, 45 Wn. App. at 666. The limitation was held to be reasonable even though it required the subcontractor to bring suit before the completion of the project.

Syrett provides no explanation as to why the six month contractual limitation here should not similarly be viewed as reasonable. Instead, he argues that the contract provision at issue is unenforceable because he had a reasonable excuse for failing to bring his claim within the contractual period. His excuse is that he did not discover the defective stringers until after the contractual time period had expired. His argument hinges on a 1910 case, *Sheard v. United States Fidelity & Guaranty Co.*, 58 Wash. 29, 107 P. 1024 (1910). In *Sheard*, a provision in a contractors' bond required that any suit on the bond had to be filed by a specified date, seven months after the date of the building contract. Six months after the date of the building contract, the contractors became insolvent. A receiver who was appointed for them finished the buildings five months later, which was four months past the expiration of the limitation period. In a suit by the owner against the surety for indemnification for liens established against the owner's property, the court held that the time limit was unenforceable because the performance which was secured by the

bond—construction of the buildings—was not completed until after the expiration date for filing suit. The court stated: "It would be unjust and unreasonable in this case to say that the contract should be so interpreted as to require the appellant to commence his action months before his pecuniary loss resulting from a breach of the contract was capable of ascertainment." *Sheard*, 58 Wash. at 35.

*Sheard* is representative of a small class of cases in which courts have found that a period of time fixed by a particular contract is so short as to amount to an abrogation of the right of action. *See* B.H. Glenn, Annotation, *Validity of Contractual Time Period, Shorter than Statute of Limitations, for Bringing Action*, 6 A.L.R.3d 1197, 1202-04 (1966). It is implicit in such decisions that the stipulated period is not unreasonable if the time allowed affords a plaintiff sufficient opportunity to ascertain and investigate the claim and prepare for the controversy. *See* Annot., 6 A.L.R.3d at 1202. A more recent example of this kind of case is *Nicodemus v. Milwaukee Mutual Insurance Co.*, 612 N.W.2d 785 (Iowa 2000). In this case, an insurance policy limited the time allowable for bringing an underinsured motorist (UIM) claim against the insurer to two years. The policy also required the insured to obtain a full judgment against the tortfeasor before bringing a UIM claim. The Iowa Supreme Court remarked that provisions that require a plaintiff to bring an action before the loss or damage is capable of being ascertained are per se unreasonable. *Nicodemus*, 612 N.W.2d at 787. The court held that the requirement of concluding litigation against the tortfeasor and commencing the suit against the insurer within two years worked as a practical abrogation of the right of recovery and was thus unenforceable. *Nicodemus*, 612 N.W.2d at 788.

*Sheard* and *Nicodemus* are significantly different from the case at hand. Syrett has not shown that he was incapable of ascertaining, within the contractual period, that the survey had failed to disclose any dry rot that was present at the time of the survey. Thus, his argument

amounts to no more than an assertion that the notice and filing limitations should not be enforced because enforcement will preclude his recovery in this particular case.

Washington cases have found contractual limitations on the time to bring suit ranging between three months and a year to be reasonable and not violative of public policy. *See, e.g., City of Seattle v. Kuney*, 50 Wn.2d 299, 302, 311 P.2d 420 (1957) (one year contractual limitation on contractor's liability upheld); *Yakima Asphalt*, 45 Wn. App. at 666 (180 day limitation upheld); *Ashburn v. Safeco Ins. Co.*, 42 Wn. App. 692, 695, 713 P.2d 742, *review denied*, 105 Wn.2d 1016 (1986) (one year limitation to bring suit as required by insurance policy not unreasonable); *Absher Constr. Co. v. Kent Sch. Dist. No. 415*, 77 Wn. App. 137, 147-48, 890 P.2d 1071 (1995) (contractual limitation requiring suit on contract to be brought within 120 days after date of substantial completion upheld). We conclude that Washington law—assuming it governs the dispute—does not support Syrett's argument that the limitations on notice and filing provision in the Reisner survey contract are unenforceable.

## ADMIRALTY LAW

Syrett argues that the trial court erred in finding the notice and filing limitation to be enforceable under federal admiralty law. He relies on a 1901 case, *Queen of the Pacific*, 180 U.S. 49, 21 S. Ct. 278, 45 L. Ed. 419 (1901). The contract in *Queen of the Pacific* was for the carriage of goods. The shipper was relieved of liability unless the owner of merchandise gave notice of claim within 30 days from the date of the contract. The United States Supreme Court upheld this provision as reasonable, but stated that the "question of the reasonableness of the requirement is one largely dependent upon the object of the notice and the length of the voyage. Thus, a notice which would be perfectly reasonable as applied to steamers making daily trips, might be wholly unreasonable as applied to vessels engaged in a foreign trade." *Queen of the Pacific*, 180 U.S. at 53. The

Court continued with a hypothetical: "if the Queen had been driven out to sea and was not heard from for thirty days, obviously the provision would not apply, since its enforcement might wholly destroy the right of recovery." *Queen of the Pacific*, 180 U.S. at 53.

The analysis in *Queen of the Pacific* is of no assistance to Syrett because, again, he has not demonstrated that the time limits are unreasonable as applied to a contract for a limited marine survey report "representing a limited inspection by visual means and soundings." As noted by the respondent, notice and claim time limits are important to marine surveyors because the condition of a boat can change quickly. The more time that passes, the more difficult it is to ascertain whether the defect complained of —dry rot in this case—was present at the time of the survey. The contract clearly notified Syrett that he could have bargained for expanded liability on the part of the surveyor or for a more detailed survey, including inspection of areas normally concealed, in exchange for a higher price.

A more recent case illustrates the enforceability of similar provisions under admiralty law. In *M/V American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483 (9th Cir. 1983), the Ninth Circuit upheld a provision in a marine repair contract requiring the vessel owner to give notice of a claim within 60 days and to file suit within six months of redelivery of the vessel. The owner argued that the provision should not be enforced because the defect was latent and because the owner gave prompt verbal notice once the vessel became disabled at sea. Rejecting these arguments, the court relied on the general rule that admiralty law allows parties to allocate risk by contract. The court particularly noted that courts have upheld contract provisions relieving a repairer from all liability. *Am. Queen*, 708 F.2d at 1488. Syrett argues that *American Queen* is inapplicable because it involves a marine repair, rather than a marine survey. We see no reason why relatively short notice and filing limits would be reasonable in the context of a marine repair, but not in the context of a survey.

Because we hold that both admiralty law and the law of Washington support the trial court's determination that the notice and filing provision is enforceable, we do not need to decide which law is applicable. Nor do we need to reach the issue of the enforceability of the provision limiting the surveyor's liability to $1,000. The failure of the Syretts to meet the terms of the contractual notice and claim filing provision bars their suit, and the trial court properly dismissed it.

█ Fees on appeal are awarded to the respondent as the prevailing party, as provided in the survey contract. *See Hwang v. McMahill,* 103 Wn. App. 945, 954, 15 P.3d 172 (2000) (a party is entitled to attorney fees on appeal if a contract, statute, or recognized ground of equity permits recovery of attorney fees at trial and the party is the substantially prevailing party). The judgment of dismissal is affirmed.

WEBSTER and KENNEDY, JJ., concur.