**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILED
SUPREME COURT
STATE OF WASHINGTON
1/6/2023
BY ERIN L. LENNON
CLERK

# THE SUPREME COURT OF WASHINGTON

| | | |
|---|---|---|
| GREGORY M. TADYCH and R. SUE TADYCH, a married couple, | ) ) ) | **ORDER DENYING FURTHER RECONSIDERATION ON MOTION FOR** |
| Petitioners, | ) ) | **CLARIFICATION AND DENYING MOTION FOR** |
| v. | ) ) | **RECONSIDERATION** |
| NOBLE RIDGE CONSTRUCTION, INC., a Washington corporation; and WESCO INSURANCE CO., a foreign surety, Bond No. 46WB025486, | ) ) ) ) ) | No. 100049-9 |
| Respondents. | ) ) ) | |

The Court considered the Petitioners' "MOTION FOR CLARIFICATION", the Respondents' "MOTION FOR RECONSIDERATION", the "BRIEF OF AMICI CURIAE BUILDING INDUSTRY ASSOCIATION OF WASHINGTON AND MASTER BUILDERS ASSOCIATION OF KING AND SNOHOMISH COUNTIES", and the Petitioners' "ANSWER TO MOTION FOR RECONSIDERATION". The Court entered an "ORDER GRANTING MOTION FOR CLARIFICATION AND AMENDING OPINION" in this case on December 29, 2022.

Now, therefore, it is hereby

ORDERED:

That further reconsideration on the Petitioners' "MOTION FOR CLARIFICATION" is denied. The Respondents' "MOTION FOR RECONSIDERATION" is denied.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Page 2
100049-9

DATED at Olympia, Washington this 6th day of January, 2023.

For the Court

González C.J.
CHIEF JUSTICE

For the current opinion, go to https://www.lexisnexis.com/clients/***reports/.

FILED
SUPREME COURT
STATE OF WASHINGTON
12/29/2022
BY ERIN L. LENNON
CLERK

**IN THE SUPREME COURT OF THE STATE OF WASHINGTON**

| | |
|---|---|
| GREGORY M. TADYCH and R. SUE TADYCH, a married couple,<br><br>Petitioners,<br><br>v.<br><br>NOBLE RIDGE CONSTRUCTION, INC., a Washington corporation; and WESCO INSURANCE CO., a foreign surety, Bond No. 46WB025486,<br><br>Respondents. | No. 100049-9<br><br>ORDER GRANTING MOTION FOR CLARIFICATION AND AMENDING OPINION |

It is hereby ordered that the petitioners' Motion for Clarification filed November 14, 2022, in the above entitled case is granted and the majority opinion of Johnson, J., filed October 27, 2022, is amended as indicated below.

On page 11, footnote 8 of the slip opinion, after "equitable estoppel.", insert the following paragraph:

> Both parties requested attorney fees in their opening briefs to the Court of Appeals pursuant to RAP 18.1 and the attorney fee provision in the custom construction agreement. Their agreement provides that "[t]he prevailing party in any dispute over this Agreement shall be entitled to recover from the other party its reasonable costs and attorneys' fees

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

incurred in connection therewith, whether before or at trial, on appeal or in bankruptcy." CP at 186. In this case, neither party has yet prevailed in this dispute. The case is being remanded for trial and either party may yet prevail. Therefore, neither party is awarded attorney fees by this court. Attorney fees should be addressed by the trial court after the dispute is ultimately resolved.

DATED this 29th day of December, 2022.

_____
González, C.J.
Chief Justice

APPROVED:

_____
Johnson, J.

_____

_____
Madsen, J.

_____
Yu, J.

_____
Owens, J.

_____
Whitener, J.

_____
Stephens, J.

_____

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE
IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
OCTOBER 27, 2022

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
OCTOBER 27, 2022

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

GREGORY M. TADYCH and )
R. SUE TADYCH, a married couple, ) No. 100049-9
)
    Petitioners, )
)
  v. ) En Banc
)
NOBLE RIDGE CONSTRUCTION, )
INC., a Washington corporation; and )
WESCO INSURANCE CO., a foreign ) Filed: October 27, 2022
surety, Bond No. 46WB025486, )
)
    Respondents. )
             )

    JOHNSON, J.—This case involves a contractual one-year limitation period to bring a construction defect suit. Gregory and Sue Tadych filed suit after the one-year limitation period expired. The trial court entered summary judgment, dismissing the suit and upholding the contractual limitation. The Court of Appeals affirmed. For reasons explained herein, we find this contractual limitation is

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

substantively unconscionable and, therefore, void and unenforceable. We reverse

and remand for trial.[1]

FACTS AND PROCEDURAL HISTORY

The Tadychs entered into a written contract with Noble Ridge Construction

Inc. to build a custom home. The contract included a "warranty" provision:

> **(b) Warranty**. The warranty provided in this section is in lieu
> of all other warranties, including any express or implied warranties of
> fitness, merchantability or habitability otherwise provided under the
> laws of the State of Washington or any other law applicable to the
> Project or this Agreement. Any claim or cause of action arising under
> this Agreement, including under this warranty, must be filed in a court
> of competent jurisdiction within one year (or any longer period stated
> in any written warranty provided by the Contractor) from the date of
> Owner's first occupancy of the Project or the date of completion as
> defined above, whichever comes first. Any claim or cause of action
> not so filed within this period is conclusively considered waived. This
> warranty shall be void if a person or firm other than the Contractor
> performs or reperforms any work within the scope of this Agreement.
> Contractor shall promptly correct any work reasonably rejected
> by Owner as defective or as failing to conform to (i) the Contract
> Documents, or (ii) any written warranty provided by Contractor.
> Contractor shall, upon receipt of any notice of such defect, promptly
> remedy any such defects and replace or repair faulty materials,
> workmanship or other non-conforming work, without cost to Owner.
> Owner shall give such notice promptly after discovery of any such
> defect. No warranty of any kind shall apply unless and until Owner
> has paid all amounts due under this Agreement.

---

[1] The Tadychs also requested leave to file an overlength supplemental brief on December 17, 2021. The motion was denied, and the Tadychs were given until December 23, 2021 to amend their brief. Noble Ridge filed an "Objection to the Assignment Justice's Ruling," contending the court's order amounted to allowing the Tadychs to reply to Noble Ridge's supplemental brief. It asked the court to either accept the overlength brief or grant Noble Ridge leave to file a reply. The objection was treated as a motion to modify the assignment justice's ruling denying a motion to file an overlength supplemental brief. The motion to modify is denied.

*Tadych v. Noble Ridge Constr., Inc.*, No. 100049-9

> Upon completion of the Project and full payment by Owner, Contractor shall assign to Owner any and all product and material, equipment or appliance warranties which Contractor may have or which otherwise are available from the manufacturer or supplier thereof, in connection with the Project.

1 Clerk's Papers (CP) at 182-83. The Tadychs occupied their new home in April 2014. Under the contract, the Tadychs had until sometime in April 2015 to file any claim arising from the construction project. In February 2015, before filing suit, the Tadychs experienced their home shift and found some unlevel flooring. Concerned about this, the Tadychs hired a construction expert to review the flooring issues and the shift of the house. After reviewing photos and the architectural plans of the house, the expert raised the possibility that the ventilation system did not conform to code. The Tadychs forwarded this concern to the contractor. The contractor responded, "It looks as though you hired a litigation expert? [F]or a question I could easily answer. So, I hope you are not going down a path of litigation." 4 CP at 785. The contractor then explained, in detail, how the house was approved by an inspector and is "in [the] top 5% of our region, maybe even 1%, in dealing with moisture/vapor and dew points." 4 CP at 785. He also claimed the house "is on the leading edge of . . . science." 4 CP at 785.

Approximately two weeks later, and within the one-year contract limitation period, the Tadychs met with the contractor, and the construction expert to discuss the unlevel flooring, house shift, and ventilation. The contractor again assured the

*Tadych v. Noble Ridge Constr., Inc.*, No. 100049-9

Tadychs "there were no issues about which [they] ought to be concerned" and promised to repair the unlevel flooring. 4 CP at 767.

Between 2015 and 2016, additional issues with the house arose and again the Tadychs informed the contractor, and the contractor repeatedly promised to do additional repairs. In December 2016, the contractor made an additional promise to schedule the necessary repairs by January 2017. No repairs were performed.

In April 2017, after several months of no response from the contractor, the Tadychs hired another construction expert to conduct a thorough inspection of the home, including cutting openings to assess issues within the house's structure. The expert concluded the house suffered from significant construction defects, including (1) water intrusion, (2) code violations, (3) poor structural framing, and (4) poor structure ventilation.

The Tadychs sued Noble Ridge for breach of contract later that year.[2] The trial court granted Noble Ridge's summary judgment based on the one-year contractual limitation period, dismissing the Tadychs' claim. The trial court also granted Noble Ridge costs and attorney fees. The Court of Appeals affirmed. *Tadych v. Noble Ridge Constr., Inc.*, No. 81948-8-I (Wash. Ct. App. July 19, 2021)

---

[2] Noble Ridge subsequently filed third party claims against subcontractors, which were settled and dismissed.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Tadych v. Noble Ridge Constr., Inc.*, No. 100049-9

(unpublished), https://www.courts.wa.gov/opinions/pdf/819488.pdf, *review*

*granted*, 198 Wn.2d 1017 (2021).

ANALYSIS

The unconscionability issue in this case centers on one sentence in a

"warranty" paragraph on the 10th page of a 14-page boilerplate contract drafted by

the respondent-contractor, which reads:

> **(b) Warranty**. The warranty provided in this section is in lieu
> of all other warranties, including any express or implied warranties of
> fitness, merchantability or habitability otherwise provided under the
> laws of the State of Washington or any other law applicable to the
> Project or this Agreement. *Any claim or cause of action arising under*
> *this Agreement, including under this warranty, must be filed in a court*
> *of competent jurisdiction within one year (or any longer period stated*
> *in any written warranty provided by the Contractor) from the date of*
> *Owner's first occupancy of the Project or the date of completion as*
> *defined above, whichever comes first.* Any claim or cause of action
> not so filed within this period is conclusively considered waived. This
> warranty shall be void if a person or firm other than the Contractor
> performs or reperforms any work within the scope of this Agreement.

CP at 182-83 (emphasis added).

We review summary judgments de novo. Whether a contract is

unconscionable is a question of law reviewed de novo. *Adler v. Fred Lind Manor*,

153 Wn.2d 331, 344, 103 P.3d 773 (2004). While "[i]t is black letter law of

contracts that the parties to a contract shall be bound by its terms," contractual

provisions that are unconscionable are not enforceable. *Adler*, 153 Wn.2d at 344.

In Washington, we have recognized two categories of unconscionability:

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

substantive and procedural. Either substantive or procedural unconscionability is sufficient to void a contract. *Gandee v. LDL Freedom Enters., Inc.*, 176 Wn.2d 598, 603, 293 P.3d 1197 (2013).

We have defined "'substantive' unconscionability" as an "unfairness of the terms or results." *Torgerson v. One Lincoln Tower, LLC*, 166 Wn.2d 510, 518, 210 P.3d 318 (2009). A contract term is substantively unconscionable where it is "'one-sided or overly harsh,'" "'[s]hocking to the conscience,'" "'monstrously harsh,'" or "'exceedingly calloused.'" *Gandee*, 176 Wn.2d at 603 (alteration in original) (internal quotation marks omitted) (quoting *Adler*, 153 Wn.2d at 344-45).

Our cases analyzing and finding substantive unconscionability focus on the effect the contractual provision has on existing statutorily established rights and the policies underlying those statutory rights. The substantive nature of this analysis requires a determination of what existing rights or policies are being limited or eliminated by the contractual provision. Coupled with the substantive component is an assessment of the term's unconscionability where we consider the unfairness of the contract term or result.

In *Adler*, 153 Wn.2d 331, and *Gandee*, 176 Wn.2d 598, we examined the substantive unconscionability of contract terms that similarly limited existing statutory rights. In *Adler*, we considered a contractual provision in an employment contract that limited statutorily established rights. In that case, the suit involved an

6

action alleging, among other claims, disability, age, and national origin

discrimination under the Washington Law Against Discrimination, ch. 49.60

RCW. Under the employment contract, Adler was required to submit his

discrimination claim to arbitration within 180 days and forgo the statutorily

established process. In the substantive unconscionability analysis, the shortened

contractual limitation period was contrasted with the statutorily provided period of

three years under RCW 4.16.080(2). We concluded the 180-day contractual

limitation provision unreasonably favored the employer and held it was

substantively unconscionable. *Adler*, 153 Wn.2d at 355, 357-58.

Following *Adler*, we applied the same analysis in *Gandee*, which involved

the enforceability of a binding arbitration clause included within a debt adjustment

contract. The contractual clause required all disputes or claims under the Consumer

Protection Act (CPA), ch. 19.86 RCW, be submitted to binding arbitration within

30 days from the dispute date or claim. The contractual provision shortened the

statute of limitations from 4 years provided by the CPA to 30 days. Based on

*Adler*'s holding, we found the limitation provision to be substantively

unconscionable. *Gandee*, 176 Wn.2d at 607.

That same analysis, where we consider the effect of a contract provision on an otherwise existing statutory right,[3] applies here. This contract's one-year limitation provision deprives the Tadychs of the six-year statute of limitations established under chapter 4.16 RCW to seek damages for faulty construction. Under RCW 4.16.310,[4] the Tadychs would be able to bring their claim *within six years* of substantial completion of construction or of termination of the construction services, *whichever is later*. Under this construction contract provision, any claim, including claims for latent defects, is barred *one year* from the date of first occupancy or from the date of completion, *whichever is earlier*.

Similar to the provision in *Adler* and *Gandee*, this limitation provision effectively abolishes a plaintiff's statutory right under RCW 4.16.310 to bring a claim.[5] Here, the Tadychs filed suit within three years of discovering some of the contractor's defective work. Under chapter 4.16 RCW, the suit is timely. The one-

[3] In rejecting the Tadychs' substantive unconscionability claim, the Court of Appeals reasoned that *Adler* and *Gandee* do not support the Tadychs' position because the one-year provision at issue here is "twelve times longer" than the limitation provision at issue in *Gandee* and "at least twice as long as that in *Adler*." *Tadych*, No. 81948-8-I, slip op. at 15. This is an erroneous application of this analysis. The proper assessment requires a comparison of the contractual period with the statutorily established period at issue in the particular case.

[4] "All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. . . . Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred . . . ."

[5] Contrary to the Court of Appeals' conclusion, the analysis of *Adler* and *Gandee* is not limited to petitioners who seek to vindicate a *substantive* statutory right.

*Tadych v. Noble Ridge Constr., Inc.*, No. 100049-9

year limitation provision provides a substantially shorter limitations period than plaintiffs are otherwise entitled to under RCW 4.16.310 and benefits the contractor at the expense of the rights of the homeowner.

Further, our cases recognize the policies underlying statutes of limitations generally: to allow sufficient time to investigate a claim while protecting against defending stale claims. The ultimate "balance [is] between two possible harms— the harm of being deprived of a remedy versus the harm of being sued." *Ruth v. Dight*, 75 Wn.2d 660, 665, 453 P.2d 631 (1969). Under RCW 4.16.310 and 4.16.326(1)(g),[6] a homeowner has six years to discover construction defects and bring their claim, even if the defective work by a contractor has not yet manifested. Chapter 4.16 RCW establishes a substantive balance in construction situations by requiring that a homeowner discover and bring a defective construction claim within the six-year statutory period or lose the right to any remedy based on faulty construction. The statute benefits the contractor by establishing time certainty by ending potential liability after six years regardless of when discovery or any defect

---

[6] "(1) Persons engaged in any activity defined in RCW 4.16.300 may be excused, in whole or in part, from any obligation, damage, loss, or liability for those defined activities under the principles of comparative fault for the following affirmative defenses:

". . . .

"(g) To the extent that a cause of action does not accrue within the statute of repose pursuant to RCW 4.16.310 or that an actionable cause as set forth in RCW 4.16.300 is not filed within the applicable statute of limitations. In contract actions the applicable contract statute of limitations expires, *regardless of discovery*, six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later." (Emphasis added.)

9

*Tadych v. Noble Ridge Constr., Inc.*, No. 100049-9

occurs. Here, the one-year contractual limitation, particularly in light of the statutory policy, unduly benefits the contractor at the expense of the homeowner's right to bring a legitimate claim. In comparison to the otherwise existing six-year statute of limitations, the contract's provision is one sided in favor of the contractor with no benefit to the homeowner.

In analyzing either substantive or procedural unconscionability the factors somewhat overlap.[7] Substantive unconscionability primarily concerns whether the substance of the contract term is unfair or produces an unfair result, and we consider whether the term or result is harsh, calloused, or one sided. Whereas procedural unconscionability focuses on unfairness in the bargaining process.

Generally, when analyzing unconscionability, we include "(1) the manner in which the contract was entered, (2) whether [the parties] had a reasonable opportunity to understand the terms of the contract, and (3) whether the important terms were hidden in a maze of fine print, to determine whether a party lacked a meaningful choice." *Burnett v. Pagliacci Pizza, Inc.*, 196 Wn.2d 38, 54, 470 P.3d 486 (2020). In assessing equity in bargaining power, we consider factors such as the expertise or sophistication of the parties, which party drafted the contract, and whether the term at issue was separately negotiated or bargained for.

_____

[7] The factors for unconscionability are not exhaustive, and not all factors must be satisfied to establish unconscionability.

10

*Tadych v. Noble Ridge Constr., Inc.*, No. 100049-9

Here, the Tadychs are laypersons, and Noble Ridge drafted the contract, including the one-year limitation provision. No indication exists that this one-sentence provision was bargained for, negotiated, or any separate consideration paid. The limitation provision was included within one of three paragraphs on warranties, 10 pages into a 14-page contract. The waiver is in no sense prominent and has little, if anything, to do with a warranty. It operates as the opposite of what would be considered a warranty.

CONCLUSION

A contract provision becomes substantively unconscionable when it eliminates otherwise established statutory rights and is one sided, benefiting the contract drafter, is also not prominently set out in the contract, is not negotiated or bargained for, and provides no benefit to the affected party. Based on this, we hold here that this limitation provision is void and unenforceable. We further hold that under chapter 4.16 RCW, the Tadychs' suit is timely. We reverse the Court of Appeals and remand for trial.[8]

---

[8] Based on this holding, we do not address the additional issues of procedural unconscionability and equitable estoppel.

*Tadych v. Noble Ridge Constr., Inc.*, No. 100049-9

_____
Johnson, J.

WE CONCUR:

_____

_____
Madsen, J.

_____
Yu, J.

_____
Owens, J.

_____
Stephens, J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Tadych v. Noble Ridge*, No. 100049-9 (González, C.J., dissenting)

No. 100049-9

GONZÁLEZ, C.J. (dissenting)—Sue and Gregory Tadych reviewed and signed a contract with Noble Ridge Construction Inc. to build their dream home. They had about a month to review the draft contract but decided not to consult an attorney before signing it. The contract set a one-year statute of limitations for defects in the construction. Noble Ridge built the home, and defects were discovered before that one year had passed. Generally, the Washington Legislature has given people in the Tadychs' position six years to bring their construction defect claims. Here, however, the contract with Noble Ridge reduced the time to one year. The Tadychs have not shown a reason to not hold them to the contract because they have not established that the contract they signed is unreasonable or unconscionable. Therefore, I respectfully dissent.

ANALYSIS

A cause of action accrues, and the statute of limitations begins to run, when the plaintiff has the right to seek relief in court. *Haslund v. City of Seattle*, 86 Wn.2d 607, 619, 547 P.2d 1221 (1976) (citing *Gazija v. Nicholas Jerns Co.*, 86 Wn.2d 215, 219, 543 P.2d 338 (1975)); *see also Shepard v. Holmes*, 185 Wn. App. 730, 739, 345 P.3d 786 (2014). Typically, a breach of contract claim accrues at the time of the breach. *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 576, 146 P.3d 423 (2006). But because many construction defects cannot be discovered

1

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

at the time the poor work is done, the breach of contract cause of action accrues when the plaintiff knows, or through the exercise of reasonable care should know, of the latent defect giving rise to the claim. *Id.* at 575-76. Within statutory constraints, a court will not enforce a contractual limitation period when the cause of action did not accrue before the limitation period expires. *EPIC v. CliftonLarsonAllen LLP*, 199 Wn. App. 257, 271-72, 402 P.3d 320 (2017) (citing *Sheard v. U.S. Fid. & Guar. Co.*, 58 Wash. 29, 35-36, 107 P. 1024 (1910)). The legislature has imposed a time limit on some of these claims, which must be brought within six years of substantial completion of the project. RCW 4.16.326(g).

I.      Unreasonably Shortened Contractual Limitations

The Tadychs contend that having only one year to bring suit is unreasonable and therefore the contract they signed should not be enforced. But people are generally free to contract for a shortened time to bring a legal claim. *EPIC*, 199 Wn. App. at 271. Parties may also agree to set the time for accrual of causes of action arising under their contracts. *Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co.*, 176 Wn.2d 502, 512, 296 P.3d 821 (2013).

Courts will enforce a contractual "'statute of limitations unless prohibited by statute or public policy, or unless the provision is unreasonable.'" *Wothers v.*

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Farmers Ins. Co.*, 101 Wn. App. 75, 79-80, 5 P.3d 719 (2000) (quoting *Yakima Asphalt Paving Co. v. Dep't of Transp.*, 45 Wn. App. 663, 666, 726 P.2d 1021 (1986); *see also Ashburn v. Safeco Ins. Co. of Am.*, 42 Wn. App. 692, 695, 713 P.2d 742 (1986)). A contractual limitations period "is reasonable if the time allowed affords the plaintiff sufficient opportunity to ascertain and investigate the claim and prepare for the controversy." *EPIC*, 199 Wn. App. at 271 (citing *Syrett v. Reisner McEwen & Assocs.*, 107 Wn. App. 524, 529, 24 P.3d 1070 (2001)). This court and the courts of appeal have upheld reasonable limitation periods. *Id.* (citing *City of Seattle v. Kuney*, 50 Wn.2d 299, 302, 311 P.2d 420 (1957)); *see also Absher Constr. Co. v. Kent Sch. Dist. No. 415*, 77 Wn. App. 137, 147-48, 890 P.2d 1071 (1995); *Yakima Asphalt Paving Co.*, 45 Wn. App. at 666; *Ashburn*, 42 Wn. App. at 695. Certainly, not all contractual limitation periods are reasonable. *See Preferred Contractors Ins. Co., Risk Retention Grp., LLC v. Baker & Son Constr., Inc.*, 200 Wn.2d 128, 143, 514 P.3d 1230 (2022) (rejecting "insurance provisions that render coverage so narrow it is illusory").

But there is nothing inherently unreasonable about a one-year statute of limitations. For example, in *Kuney*, the city of Seattle contracted with Kuney, a general contractor, to construct a building. 50 Wn.2d at 300. In that contract, Seattle agreed to notify Kuney of any issues or defects relating to Kuney's work within one year of making the final payment. *Id.* at 300-01. The city sued Kuney

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

for a construction defect four years after making the final payment, despite having "'long had actual knowledge of the failure'" past the one-year warranty. *Id.* at 301 (quoting court record). Seattle asserted that the six-year default statute of limitations applied instead of the one-year contractual limitation period. *Id.* The court held that it was "bound by the intention of the parties as expressed in the written contract" and could not, "under the guise of interpretation, rewrite a contract which the parties have deliberately made for themselves." *Id.* at 302 (citing *Clements v. Olsen*, 46 Wn.2d 445, 448, 282 P.2d 266 (1955)). The court applied the one-year contractual limitation and dismissed the suit. *Id.* at 303.

Here, the Tadychs contracted for a one-year limitations period and they discovered the defects within that limitations period. They could have sued within the year, but they did not. They have not established that a one-year contractual limitation is necessarily unreasonable. Like the city of Seattle in *Kuney*, the Tadychs discovered the defect within the limitations period and did not bring suit. The mere fact the contractual statute of limitations was short does not establish it was unreasonable. *See id.* at 302, 303. The Tadychs' suit is barred by their contract.

*Tadych v. Noble Ridge*, No. 100049-9 (González, C.J., dissenting)

II.     Unconscionability

Washington courts will not enforce unconscionable contract terms. *Gandee v. LDL Freedom Enters., Inc.*, 176 Wn.2d 598, 603, 293 P.3d 1197 (2013) (citing *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 347, 103 P.3d 773 (2004)). The Tadychs also argue that the one-year statute of limitations is unconscionable. Unconscionability can be either substantive or procedural, and a litigant need only show one type of unconscionability to void a contract. *Adler*, 153 Wn.2d at 344, 347.[1]

A. Substantive Unconscionability

A contract is substantively unconscionable when it is "'one-sided or overly harsh.'" *Id*. at 344 (quoting *Schroeder v. Fageol Motors, Inc.*, 86 Wn.2d 256, 260, 544 P.2d 20 (1975)). "'Shocking to the conscience, monstrously harsh, and exceedingly calloused are terms sometimes used to define substantive unconscionability.'" *Id*. at 344-45 (internal quotation marks omitted) (quoting *Nelson v. McGoldrick*, 127 Wn.2d 124, 131, 896 P.2d 1258 (1995)).

---

[1] The majority states that it uses the test for substantive unconscionability and does not reach the question of procedural unconscionability. The test they quote and apply is for procedural unconscionability. Majority at 10 (quoting *Burnett v. Pagliacci Pizza, Inc.*, 196 Wn.2d 38, 54, 470 P.3d 486 (2020)).

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

In *Sheard*, this court held that the period of limitation included in a bond was unreasonable because the construction performance secured was not completed until after the limitations period had expired. 58 Wash. at 33, 35. In *Adler*, this court held a 180-day contractual limitation on actions substantively unconscionable. 153 Wn.2d at 358. That contract required that an employee give notice to their employer of the very first action for which the employer might be liable within the limitations period. *Id.* at 357-58. If the employee did not give notice of that first action, the term cut off all future liability for the employer. *Id.* In *Gandee*, this court held that a contractual limitation on actions that shortened a 3-year statutory limitation to 30 days was substantively unconscionable. 176 Wn.2d at 606-07 (citing *Adler,* 153 Wn.2d at 355-58). In all three of these cases, we focused on the one-sidedness of the contract limitation terms and how one party was effectively denied the ability to sue.

Here, I recognize that the contract, by strictly limiting the period for discovery and suit, did not explicitly give the Tadychs notice that they were effectively forfeiting the protection of the discovery rule for latent defects. If the defects had been discovered after the contractual limitations period had run, the contract might have been substantively unconscionable. But given that the Tadychs discovered the defects *before* the contractual limitations period lapsed, the

*Tadych v. Noble Ridge*, No. 100049-9 (González, C.J., dissenting)

fact they lost the protection of the discovery rule is irrelevant and not a ground to find the term substantively unconscionable.

    B.  Procedural Unconscionability

To determine if a contract is procedurally unconscionable, we analyze (1) how the contract was entered, (2) whether the parties had a reasonable opportunity to understand the contract's terms, and (3) "whether the important terms were hidden in a maze of fine print, to determine whether a party lacked a meaningful choice." *Burnett v. Pagliacci Pizza, Inc.*, 196 Wn.2d 38, 54, 470 P.3d 486 (2020).

When Pagliacci Pizza Inc. hired Burnett, it presented him with a one-page employment contract. *Id.* at 43.  After he signed it and was employed, he was given an employee handbook. *Id.*  The handbook contained a purportedly binding arbitration agreement. *Id.* at 43-44.  The contract Burnett signed never mentioned an arbitration agreement, and Pagliacci never raised or discussed the agreement in the book with him. *Id.* at 43.  Later, Burnett sued Pagliacci, which moved to compel arbitration. *Id.* at 45.  We held that the binding arbitration agreement was procedurally unconscionable. *Id.* at 57.  The agreement was on page 18 of a 23-page handbook, Burnett received the handbook only after he had already signed his employment agreement, and the arbitration agreement was not in the table of

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

contents. *Id.* at 56-57. The terms were essentially hidden, and Burnett lacked a meaningful choice as to whether he agreed to the arbitration policy. *Id.* at 57.

Here, it is true that Noble Ridge drafted the contract with the one-year limitation. Other than that, this case is not like *Burnett*. The Tadychs had a meaningful opportunity to review the contract—a month—before signing. All the terms were in the 14-page contract, and the Tadychs had ample time to consult counsel. While the statute of limitations was included in the warranty section, that is not the same as being hidden in a maze of fine print buried in the latter pages of another document. The limitations clause was plain in the contract; the arbitration agreement in *Burnett* was not. These facts do not support a finding that the one-year limitation on suits was procedurally unconscionable.

III.    Judicial Estoppel

The Tadychs argue that Noble Ridge should be estopped from asserting a contractual limitations period defense because its agents made repeated "[a]ssurances, [m]isrepresentations, and [o]bfuscations" that caused them to delay filing their lawsuit until the limitations period expired. Tadychs' Am. Supp'l Br. at 23.

"Equitable estoppel requires: (1) an admission, statement, or act inconsistent with a claim afterward asserted; (2) action by another in reasonable reliance on that

8

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

act, statement, or admission; and (3) injury to the party who relied if the court allows the first party to contradict or repudiate the prior act, statement, or admission." *Berschauer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1*, 124 Wn.2d 816, 831, 881 P.2d 986 (1994) (citing *Robinson v. City of Seattle*, 119 Wn.2d 34, 82, 830 P.2d 318 (1992), *abrogated on other grounds by Yim v. City of Seattle*, 194 Wn.2d 682, 700, 451 P.3d 694 (2019)). To assert the affirmative defense of estoppel, a party must establish each element by clear, cogent, and convincing evidence. *Id*. (citing *Colonial Imports, Inc. v. Carlton Nw., Inc.*, 121 Wn.2d 726, 734, 853 P.2d 913 (1993)). Estoppel is not favored by the courts. *E.g.*, *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 168 Wn. App. 56, 79, 277 P.3d 18 (2012); *Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474, 484, 254 P.3d 835 (2011).

Here, Noble Ridge's Jason Wojtacha's statement that he hoped the Tadychs were not considering litigation is insufficient for estoppel. It is not analogous to an admission, statement, or act inconsistent with a claim afterward asserted. *See Berschauer/Phillips*, 124 Wn.2d at 831. The other reassurances the Tadychs refer to took place *after* the contractual period of limitations period had already expired and therefore could not have caused the Tadychs to delay filing a viable claim.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Tadych v. Noble Ridge*, No. 100049-9 (González, C.J., dissenting)

CONCLUSION

The Tadychs have not established that the one-year limitation on suits in their construction contract is unreasonable or unconscionable under these facts, and they have not established the affirmative defense of judicial estoppel. Therefore, I respectfully dissent.

González, C.J.

Gordon McCloud, J.

Whitener, J.

Leach, J.P.T.

10